WILLIAM W. BADGER, Respondent, *against* WILLIAM H. APPLETON *et al.*, Appellants.

(Decided April 4th, 1887.)

N., plaintiff in an action in the Superior Court of New York City, was required, as a non-resident, to give security for costs, and deposited $500 as such security. Judgment was rendered against him for costs, and on appeal by him therefrom to the General Term, he, by order of court, filed an undertaking as additional security for costs. The judgment was affirmed on appeal, and by order of the court the deposit was paid over to defendants in the action; and, in addition, they collected, on the undertaking, costs to the amount of $113. On appeal to the Court of Appeals the judgment was reversed and a new trial granted, costs to abide the event. On the new trial N. recovered judgment, which was affirmed on appeal to the General Term; and defendants appealed to the Court of Appeals. Defendants obtained an order granting them leave to pay the $500, and the $113 previously collected, into court, to be retained as security for costs on the part of N. *Held,* in an action brought in the City Court of New York, that N.'s assignee could recover such sums from defendants, with interest from the time of their payment, the order allowing payment into court being permissive only, and not restraining.

APPEAL from an order of the General Term of the City Court of New York affirming a judgment of that court entered upon the decision òf the judge on a trial by the court without a jury.

The plaintiff's assignor Newhall, having brought an action in the Superior Court of the City of New York against Appleton and others, defendants herein, and being a non-resident, was ordered to file security for costs; and in compliance with that order he deposited $500 with the clerk of the court in lieu of an undertaking. The action was tried,

Badger *v.* Appleton.

and resulted in a judgment for defendants, from which plaintiff appealed to the General Term, and filed an undertaking in the sum of $250 as security for costs on such appeal, in addition to the deposit. Judgment was affirmed by the General Term, and by order of the court the whole of the deposit was paid over to defendants, and, in addition, the surety on the undertaking paid costs to the amount of $113, which sum was repaid to him by Newhall. On appeal to the Court of Appeals in that action, the judgment was reversed and a new trial ordered, with costs to abide the event. On the new trial Newhall recovered judgment against defendants. Thereafter Newhall assigned his claim to Badger, plaintiff herein, who brought this action in the City Court of New York to recover the same as money had and received by defendants. One day after this action was brought, a motion was made in the Superior Court, on behalf of defendants, for permission to repay such moneys into court, and thereupon an order was made permitting such payment, and directing that the same be held until the termination of the action in which they had been paid, as security for costs on the part of the plaintiff therein as a non-resident. It appeared on the trial of this action that the judgment in the action in the Superior Court in favor of Newhall had been affirmed by the General Term of that court, and an appeal therefrom by defendants was pending in the Court of Appeals. At the trial of the action in the City Court, without a jury, the court rendered judgment for plaintiff. From the judgment defendants appealed to the General Term of that court, by which it was affirmed; and from that decision defendants appealed to this court.

*Douglass Campbell*, for appellants.

*Wm. W. Badger*, for respondent.

VAN HOESEN, J. — The defendants Appleton drew from the clerk of the Superior Court the moneys that Newhall had deposited with him as security for costs, and collected

also one hundred and thirteen dollars from the surety who had signed an undertaking for costs that Newhall had been ordered to give, upon Appletons' application. After the judgment in Appletons' favor had been reversed by the Court of Appeals, Newhall was at liberty to apply to that court for an order of restitution, under which the Appletons would have been compelled to refund to him the moneys they had received from the clerk, and collected upon the undertaking, or to bring an action against the Appletons for money had and received. The remedy by action, and the remedy by motion for restitution, are cumulative (*Lott* v. *Swezey*, 29 Barb. 87).

Newhall did not at once resort to either of these remedies. As the judgment of reversal provided that there should be a new trial, with costs to abide the event, he determined to wait till he had recovered a judgment in his favor, before making an effort to compel the Appletons to repay to him the sums that they had collected as costs. In time he succeeded in getting judgment against the Appletons, and then he demanded from them the return of the moneys that they had held in their hands for almost five years. Of course, the Appletons were liable to pay interest on those moneys, but their counsel devised a plan that it was hoped would save them from the payment of interest. That plan was to repay to the clerk of the Superior Court the moneys they had drawn out, and also to lodge in his hands the money they had collected from Newhall's surety, and then have the aggregate sum treated as if it had all always been in the custody of the court. Accordingly the Appletons moved that leave be granted to them either to retain in their possession the moneys they had collected, or to pay those moneys to the clerk, to be by him retained till the final determination of the action, "as security for costs on the part of the plaintiff as a non-resident."

It was in the power of the Superior Court, in case of the insolvency of the appellant (Newhall), or his inability to pay the judgment in case the respondents (the Appletons) should be successful upon the new trial, to withhold the

moneys collected, to await the final determination of the action, and to make such order for their disposition and safe-keeping meanwhile as it deemed proper (*Marvin* v. *Brewster Iron Co.*, 56 N. Y. 671).

The only question here is, whether the Superior Court did exercise that power. The order of the court is, " the defendants are hereby granted leave to pay said sums of five hundred dollars and one hundred and thirteen dollars to the clerk of this court, to be retained by him until the final determination of this action as security for costs on the part of the plaintiff as a non-resident, and that when so paid, the clerk of this court shall retain said sums accordingly."

It appeared to the Superior Court that the Appletons had appealed from the judgment that Newhall had recovered against them, and that some litigation must be had before the action reached its end. The first inquiry is, What construction would the Superior Court have placed upon its own order if Newhall had applied for an order of restitution against the Appletons? Would it have held that the meaning of the order was that the money should be impounded till the appeal of the Appletons had been disposed of, and the action definitely decided, or would it have held that the order did not affect the rights and remedies of Newhall, because it merely granted to the Appletons, at their solicitation, permission to do an act that could not injure Newhall, that is, to pay into the clerk's hands money that was not his, and which he made no claim to? I find in the language of the order nothing that restrains Newhall from prosecuting his claim for reimbursement, or adjudges that until the final determination of the action his right to reimbursement should be held in abeyance. As respects the Appletons, the order is merely permissive, for it did not command them to deposit the money with the clerk. As it imposed no obligation upon one party to the action, it is not likely that it was intended to take away the rights of the other. Surely, it was not the intention of Judge FREEDMAN to make Newhall's right to reclaim his

money depend upon the action that the Appletons might determine to adopt respecting the deposit of the money with the clerk.

Again, if Judge FREEDMAN supposed that he was determining what the rights of Newhall were, it is highly improbable that he would have failed to require the Appletons to make provision for the payment of interest upon the money for the years that they had the use of it.

There is no doubt as to what the counsel for the Appletons intended to be the effect of the order, but there seems to me to be great doubt as to whether the court intended to do anything more than decide that there was no good reason why the money should not be placed in safe custody, and that as the rights of Newhall were not affected, he had no occasion to object to the order.

The intention of the court to deprive Newhall of his right of action, and his right to restitution, is not so clear as to warrant us in holding that the order of Judge FREEDMAN is a bar to this action. We therefore affirm the judgment, with costs.

J. F. DALY, J.—I concur in the decision reached by Judge VAN HOESEN, on the ground that the party who deposited the money and gave the undertaking as security for costs, has recovered judgment in his favor, and is therefore entitled to an action for the moneys which his adversary had drawn out of court and collected on the undertaking in satisfaction of the judgment which he originally recovered. If Newhall had merely secured a reversal of the latter judgment, he would have an action for the recovery of the money collected on the undertaking, but as to the money drawn out of court, he would be only entitled to an order that it be restored to abide the event of the action.

Judgment affirmed, with costs.